The Honorable Charlie Cole Chaffin State Senator Route 3, Box 1057 Benton, AR 72015
Dear Senator Chaffin:
This is in response to your request for an opinion on the following questions:
 1. When a quorum court adopts an ordinance providing for collection of volunteer fire association members' annual dues, can a county tax collector provide a collection service for dues of a volunteer fire department on the basis of a voluntary assessment with the dues being a set rate for all members?
 2. Is it legal to collect dues from all persons owning property in the district requiring those property owners to be members of the Fire Department Association?
 3. Is it legal for a person living in the fire department district to opt to not pay these assessed dues?
Although you have not identified the basis for the quorum court ordinance in this regard, your reference to the fact that the ordinance is adopted to provide for the collection of volunteer fire association members' annual dues leads me to conclude that A.C.A. 14-20-108 is the relevant Code section.
This section states:
 (a)(1) The quorum court of each county may, upon request therefor filed with the court by one (1) or more volunteer fire departments in the county, adopt an ordinance authorizing a designated county official to collect and remit to the department the annual or quarterly dues charged by the department in consideration of providing fire protection to unincorporated areas in the county.
 (2) The ordinance enacted by the court shall set forth the terms and conditions on which such dues are to be collected by the county and for the remission of the dues to the volunteer fire departments.
 (b) The court may, by majority vote, designate the geographical area that a volunteer fire department may serve and may then direct that the property owners of the area pay dues to be established by the court, which shall become a lien upon the property within the geographical area.
 (c) The court may establish its own countywide fire department, either regular or voluntary.
Thus, in response to your first question, if the county tax collector is the county official designated to collect dues under 14-20-108(a), above, the dues will be those charged by the volunteer fire department.
The collector does not, in my opinion, have the authority to prescribe the nature of the dues. It seems that the basis for the assessment and the rate of the dues, would, instead, be established by the department, with the terms and conditions of their collection to be as outlined in the county ordinance adopted by the quorum court. But see n. 2, supra.
The answer to your second question is "no", in the absence of quorum court action as noted above. See n. 2. The county tax collector lacks authority to make this determination. Section 14-20-108(b) would, however, appear to provide a basis for a quorum court directing the payment of dues by property owners in the geographical area designated by the court.
The answer to your third question will depend upon the basis for the dues assessment. As noted above, the quorum court may direct the payment of dues by property owners of the designated area. A.C.A. 14-20-108. It appears, however, that the quorum court may exercise discretion in this regard. (Section 14-20-108(b)) states that "[t]he court may, by majority vote, designate the geographical area . . . and may then direct that the property owners of the area pay dues to be established by the court. . . .") (Emphasis added.) Thus, consideration must be given to the particular facts surrounding any quorum court action in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Corresponding modification of this opinion may be necessary if the questions pertain in fact to a fire department formed under a separate and distinct statutory scheme. See, e.g., A.C.A. 14-14-708 and -709 (Subordinate service districts established by ordinance of the quorum court to private fire prevention and protection services); A.C.A. 14-284-101 et seq. and 14-284-201 et seq. (fire protection districts).
[2] The dues may be established by the quorum court where the court, by majority vote in accordance with subsection (b) of 14-20-108, designates the department's geographical area and then directs the property owners to pay the dues.